## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

PAN AMERICAN GRAIN COMPANY INC.;
PAN AMERICAN GRAIN MANUFACTURING CO., INC.

**Plaintiff,**

**v.**

BERGE BULK SHIPPING PTE. LTD.;
WESTERN BULK CARRIERS AS;
SAKAE SHIPPING S.A.; THE
STANDARD CLUB U.K. LTD.; NORTH
OF ENGLAND PROTECTION AND
INTEMNITY ASSOCIATION LTD.;
NORTHSTANDARD LTD.
**Defendants**

**Civil No. 2023cv1581(SCC)**

**In Admiralty**

### FIRST AMENDED COMPLAINT

**COMES NOW** Plaintiff, Pan American Grain Company, Inc. and Pan American Grain Manufacturing Co., Inc., by its undersigned attorney, for its Complaint In Admiralty against Defendants Berge Bulk Shipping Pte. Ltd. (charterers and/or disponent owners of the M/V BERGE SCAFELL PIKE (hereafter "the Vessel"), Sakae Shipping S.A. (owners of the Vessel), The Standard U.K. Club Ltd., North Standard of England P&I Assoc., and NorthStandard Ltd., respectfully states, alleges and prays as follows:

### I. JURISDICTION AND VENUE

**1.** This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, as will more fully appear, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**2.** Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as all relevant events giving rise to the claims occurred in this district and the damages inflicted were upon property located in this venue.

## II. PARTIES TO THIS ACTION

**3.** Plaintiffs, Pan American Grain Manufacturing Co., Inc. (hereafter "PAG Mfg.") and its subsidiary, Pan American Grain Company, Inc., (hereafter "PAG Co.") (collectively hereinafter referred to as "PAG"), are corporations created and organized under the laws of the commonwealth of Puerto Rico, engaged in the importation and distribution of grain products for human and animal consumption in Puerto Rico and in the business of operating a marine terminal and at all relevant times owned the Marine Tower composed of a concrete platform with underwater pilings where a multiple level steel tower holding all the corresponding machinery and equipment needed to unload grain from a cargo vessel including, but not limited to, unloading conveyors, winches, turn tables transitions elevators, electrical and hydraulic equipment and controls (hereafter the "Marine Tower") situated at the Pan American Grain Terminal in Guaynabo, Puerto Rico.

**4.** Defendant, Sakae Shipping S.A. ("Sakae"), is a foreign entity with its principal business establishment in 53rd Street, Urbanizacion Obarrio Torre Swiss Bank, 16th Floor, Panama, Republic of Panama. At all relevant times herein Zakae has been the registered owner of the Vessel.

**5.** Defendant Berge Bulk Shipping Pte. Ltd. ("Berge") is a foreign entity with its principal place of business establishment in 12 Marina Boulevard, #24-03-MBFC Tower 3, Singapore 018982. At all relevant times herein, Berge was the charterer and/or disponent owner of the Vessel.

**6.** Defendant Western Bulk Carriers AS ("Western") is a foreign entity with its principal place of business establishment Henrik Ibsens gate 100, 0255 Oslo, Norway, with offices in the United States located at 2025 1st Ave., Suite 1110, Seattle, WA 98121. At all relevant times herein, Berge was the charterer and/or disponent owner of the Vessel.

**7.** Defendant The Standard U.K. Club Ltd. ("the Standard Club") is a protection and indemnity club which provides Sakae insurance for liability arising out of maritime risks, including accidents such as the allision described herein and other risks. The Standard Club's Principal place of business is located at The Minster Building, 21 Mincing Lane, London, EC3R 7AG.

**8.** Defendant North of England P&I Assoc. Ltd. ("North") is a protection and indemnity club which provides Western Bulk

insurance for liability arising out of maritime risks, including accidents such as the allision described herein and other risks. North's principal place of business is located at 1st Floor, 5 Lloyd's Avenue, London EC3N 3AE.

**9.** Defendant NorthStandard Ltd. is a protection and indemnity club which provides Western Bulk and Sakae insurance for liability arising out of maritime risks, including accidents such as the allision described herein and other risks. On February 20, 2023, North and the Standard Club merged to form a new single legal entity called NorthStandard.

### III. FACTUAL ALLEGATIONS

**10.** PAG was a time charterer pursuant to and subject to the terms and conditions of a certain charter party contract or agreement in writing made and entered into by and between it and Western Bulk Carriers AS (hereafter "Western") and/or Berge Bulk Shipping Pte. Ltd. (hereafter "Berge"), dated August 4, 2022, for the transportation of soya bean meal and soya hull pellets from Argentina to San Juan, Puerto Rico.

**11.** On September 23, 2022, Western nominated the Vessel as intended performer of the scheduled grain cargo lifting.

**12.** PAG is the operator a specialized marine terminal in the San Juan Bay located in Guaynabo, Puerto Rico, where grain shipped in bulk is unloaded from ships using PAG's Marine Tower and transferred into silos within the terminal.

**13.** On November 20, 2022, at about 1725 hours, while the Vessel was executing a shifting maneuver, the Vessel struck and allided with the Marine Tower at the Pan American Grain Terminal, causing substantial property damage to the Marine Tower, specifically the marine leg, its parts and accompanying structures ("the Allision").

**14.** The Allision herein described, and all losses and damages resulting therefrom, were in no way caused or contributed to by any fault, negligence, or want of care on the part of PAG, or of anyone for whose act PAG may be responsible, but on the contrary, the Allision and resulting damage were caused exclusively by the fault and neglect of defendants and those in charge of the navigation and operation of the Vessel in the following particulars:

      **a.** The Vessel was unseaworthy;

      **b.** The Vessel was manned by incompetent, improperly trained persons who were inattentive to their duties;

      **c.** The Vessel was negligently operated and navigated;

      **d.** The Vessel violated the applicable Rules of the Road and standards of good seamanship; and

      **e.** Other acts of negligence and/or unseaworthiness to be established at the trial of this matter.

**15.** As a result of the Allision the Marine Tower had to be intermittently removed from service and significant repairs were required in order to keep it operational.

**16.** However, the Marine Tower still needs to undergo significant and costly repairs which cannot be completed without completely removing it from service. Completely removing the marine leg from service would cause plaintiffs business interruptions that would in turn cause millions of dollars in losses to plaintiffs and their affiliates.

**17.** PAG must either build another Marine Tower at the terminal or build alongside a temporary unloading facility, as taking the existing marine leg out of service for months would cause serious economic damages far greater than the costs of repairing it.

**18.** Currently, PAG imports over 50% of bulk grains distributed in Puerto Rico, all of which is unloaded from vessels using PAG Marine Tower. Any disruption in its unloading operations will negatively impact the food supply chain on the island, specifically: i) rice, which is the basic staple in the Puerto Rican diet, ii) wheat, which will impact close to 50% of flour produced locally, and iii) animal feeds affecting the production of milk (dairy industry), poultry, eggs, hogs, cattle, etc.

## COUNT I - NEGLIGENCE

**19.** PAG incorporates the preceding paragraphs as if fully set forth herein.

**20.** The Defendants owed PAG a duty under general maritime law to observe the standard of good and prudent seamanship and to exercise reasonable care to avoid the resulting Allision.

**21.** The Defendants also had a statutory duty to follow the navigational rules of the road. *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873). Defendants breached that duty by, among other things, failing to use all available means to avoid the risk of allision and by other acts or omissions which will be shown at trial. These acts or omissions caused the Vessel to allide with the PAG's Marine Tower.

**22.** A presumption of fault also arises when a vessel allides with a stationary object. *The Oregon*, 158 U.S. 186 (1895). That presumption is implicated here because the Vessel struck the stationary Marine Tower owned by PAG.

**23.** The allision occurred as a result of the negligence, fault or carelessness of the Vessel and Defendants and/or their principals, agents and/or employees, and/or the unseaworthiness of the Vessel, which was within the privity and knowledge of Defendants, their principals, agents and/or employees.

**24.** PAG seeks compensation for the following non-exclusive damages: damages to its Marine Tower and its accompanying structures, and any other property damage, the marine leg replacement costs or repair costs, cost pertaining to the temporary unloading facility, increased overhead, loss of use, damages

related to the additional costs that have and will have to be incurred as a result of delays in cargo unloading operations caused by the damaged Marine Tower, and other economic damages not yet realized, and which are reasonable under the circumstances. PAG additionally seeks punitive damages for the unreasonable, indifferent, reckless, and/or grossly negligent conduct of Defendants. PAG also seeks the costs of these proceedings, including attorneys' fees, pre-judgment interest, post-judgment interest, and to have all expert witness fees taxed as costs of court.

**WHEREFORE**, Plaintiff respectfully requests that:

A. Defendants be summoned to appear and answer all allegations of this Complaint;

B. After due proceedings, Plaintiff have judgment against Defendants for all damages resulting from the matters described herein and all expenses incurred by Plaintiff in an amount to be proved at trial, plus interest, costs and attorneys' fees; and

C. the Court grant PAG all other and further relief to which it is entitled and which the Court deems just and proper.

**RESPECTFULLY SUBMITTED** in this 25th day of January 2024.

**CASTAÑER & CIA PSC**
MAI CENTER
771 Calle 1, Ste 204

San Juan, PR 00920
                    Tel. (787) 707-0802
                    Fax: (888) 227-5728
                    Attorney for Plaintiffs
                    E-mail: manager@castanerlaw.com

             By: S/Alberto J. Castañer
                 **Alberto J. Castañer**
                 USDC-PR No. 225706


                    **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically filed
the foregoing with the Clerk of the Court for the United States
District Court for the District of Puerto Rico by using the CM/ECF
system. I certify that all participants in the case are registered
CM/ECF users and that service will be accomplished by the CM/ECF
system.  I further certify that I have served the foregoing upon
Sakae Shipping S.A. and The Standard Club through their counsel of
record Edgardo Vega-López via email evega@jgl.com.

             By: S/Alberto J. Castañer
                 **Alberto J. Castañer**
                 USDC-PR No. 225706