IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAN AMERICAN GRAIN COMPANY INC.; PAN AMERICAN GRAIN MANUFACTURING CO., INC.<br><br>**Plaintiff,**<br><br>v.<br><br>BERGE BULK SHIPPING PTE. LTD.; WESTERN BULK CARRIERS AS; SAKAE SHIPPING S.A.; THE STANDARD CLUB U.K. LTD.<br><br>**Defendants** | Civil No. 2023-cv-01581<br><br>In Admiralty |

**ANSWER TO THE FIRST AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

The defendant, The Standard Club U.K. LTD ("The Standard", defendant," or "appearing defendant") respectfully states and prays as follows:

**I.    JURISDICTION AND VENUE**

1. The allegations in Paragraph 1 of the First Amended Complaint are averments of law that require no responsive allegation by The Standard. In the alternative, if an answer is deemed necessary by the Court, the allegations are admitted.

2. The allegations in Paragraph 2 of the First Amended Complaint are averments of law that require no responsive allegation by The Standard. In the alternative, if an answer is deemed necessary by the Court, the allegations are admitted.

## II.     PARTIES TO THIS ACTION

3.  The allegations in Paragraph 3 of the First Amended Complaint are not directed at The Standard. These allegations, therefore, do not require a responsive allegation by the appearing parties. In the alternative, if an answer is deemed necessary by the Court, the allegations are denied for lack of knowledge and information to accept or deny their content.

4.  The allegations in Paragraph 4 of the First Amended Complaint are not directed at The Standard. These allegations, therefore, do not require a responsive allegation by the appearing party. In the alternative, from the allegations in Paragraph 4 of the First Amended Complaint, it is admitted that Sakae Shipping S.A. (hereinafter Sakae) is the registered Owner of the BERGE SCAFELL PIKE. The rest of the allegations in Paragraph 4 of the Complaint are denied as they are incorrect and do not represent the correct corporate citizenship and principal place of business of Sakae.

5.  The allegations in Paragraph 5 of the First Amended Complaint are not directed at The Standard. These allegations, therefore, do not require a responsive allegation by the appearing party. In the alternative, if an answer is deemed necessary by the Court, the allegations are denied for lack of knowledge and information to accept or deny their content.

6.  The allegations in Paragraph 6 of the First Amended Complaint are not directed at The Standard. These allegations, therefore, do not require a responsive allegation by the appearing party. In the alternative, if an answer is deemed necessary by the Court, it is admitted that Western Bulk Carriers AS is a Charterer of the BERGE SCAFELL PIKE. The rest of the allegations contained in Paragraph 6 of the First Amended Complaint are denied for lack of knowledge and information to accept or deny their content.

7. From the allegations of Paragraph 7 of the First Amended Complaint, it is admitted that the Standard U.K. Club Ltd. (Standard) was, at all relevant times, a Protection and Indemnity Club providing Sakae as owners of the BERGE SCAFELL PIKE protection and indemnity coverage as per the terms of the rules of entry of its members and certificate of entry. At the relevant time of the allegations of the First Amended Complaint the Standard's principal place of business was located at the London office. The rest of the allegations contained in Paragraph 7 of the Complaint are denied.

8. The allegations in Paragraph 8 of the First Amended Complaint are not directed at The Standard. These allegations, therefore, do not require a responsive allegation by the appearing party. In the alternative, if an answer is deemed necessary by the Court, the allegations are denied for lack of knowledge and information to accept or deny their content.

9. Of the allegations contained in paragraph 9 of the First Amended Complaint, it is admitted that on February 20, 2023, The North of England Protecting and Indemnity Association Limited and The Standard Club merged to form a new single legal group called NorthStandard. The rest of the allegations are denied.

### III.   FACTUAL ALLEGATIONS

10. The allegations in Paragraph 10 of the First Amended Complaint are not directed at The Standard. These allegations, therefore, do not require a responsive allegation by the appearing party. In the alternative, if an answer is deemed necessary by the Court, the allegations are denied for lack of knowledge and information to accept or deny their content and/or are denied as to The Standard.

11. The allegations in Paragraph 11 of the First Amended Complaint t are not directed at The Standard. These allegations, therefore, do not require a responsive allegation by the appearing party. In the alternative, if an answer is deemed necessary by the Court, the allegations are denied for lack of knowledge and information to accept or deny their content. Nevertheless, based on information and belief, it is admitted that Western Bulk nominated the BERGE SCAFELL PIKE on or about September 23, 2024, for the lifting of different grades of grains.

12. The allegations in Paragraph 12 of the First Amended Complaint are not directed at The Standard. These allegations, therefore, do not require a responsive allegation by the appearing party. In the alternative, if an answer is deemed necessary by the Court, the allegations are denied for lack of knowledge and information to accept or deny their content.

13. The allegations in Paragraph 13 of the First Amended Complaint are denied as they inaccurately describe the events that occurred on November 20, 2022. It is affirmatively alleged that the Marine Tower did not suffer substantial damage as alleged in the First Amended Complaint and as shown by the investigations conducted post-incident.

14. The allegations in Paragraph 14 of the First Amended Complaint are denied. The plaintiffs own the Yokohama fenders and Marine Tower and were responsible for their upkeep and maintenance. Furthermore, plaintiffs were responsible for the placement, movement, and operation of the Yokohama fenders and Marine Tower at all material times. Plaintiffs negligent actions or omission in the placement, movement, and operation of the Yokohama fenders and Marine Tower during the cargo operations caused or contributed to the contact that the BERGE SCAFELL PIKE experienced with the equipment and structure of the Marine Tower, which at all relevant times was under the full control and handling of the plaintiffs. Moreover, subsections a-e of paragraph 12 of the First Amended Complaint are denied, as at all times material to this action

4

and prior and during the commencement of the shifting maneuver required by the existing conditions of plaintiffs' Terminal, the BERGE SCAFELL PIKE, its crew, officers, personnel, and Sakae, exercised due diligence and had taken all necessary action to make and maintain the BERGE SCAFELL PIKE in all respects seaworthy, fit and proper for marine navigation, including but not limiting to berthing and shifting maneuvers required by the conditions existing on plaintiffs' Terminal.   The vessel also observed the Rules of the Road at all material times.

15. The allegations in Paragraph 15 of the First Amended Complaint are denied. The Plaintiffs' Terminal continued to operate normally, receiving, and discharging vessels regularly after the repairs were completed shortly after the accident.

16. The allegations in Paragraph 16 of the First Amended Complaint are denied.

17. The allegations in Paragraph 17 of the First Amended Complaint are denied.

18. The allegations in Paragraph 18 of the First Amended Complaint are unsubstantiated and irrelevant to this case. Therefore, they are denied.

## COUNT I-NEGLIGENCE

19. The Standard hereby incorporates into its answers to Paragraph 19 of the Complaint all its previous allegations herein as well as all applicable affirmative defenses.

20. The allegations in Paragraph 20 of the First Amended Complaint are denied.  are denied, as at all times material to this action and prior and during the commencement of the shifting maneuver required by the existing conditions of plaintiffs' Terminal, the BERGE SCAFELL PIKE, its crew, officers, personnel, and Sakae, exercised due diligence and had taken all necessary action to make and maintain the BERGE SCAFELL PIKE in all respects seaworthy, fit and proper

for marine navigation, including but not limiting to berthing and shifting maneuvers required by the conditions existing on plaintiffs' Terminal. The vessel also observed the Rules of the Road at all material times.

21. The allegations in Paragraph 21 of the First Amended Complaint are denied, as at all times material to this action and prior and during the shifting maneuver required by the existing conditions of plaintiffs' Terminal, the BERGE SCAFELL PIKE, its crew, officers, personnel, and Sakae, exercised due diligence and had taken all necessary action to make and maintain the BERGE SCAFELL PIKE in all respects seaworthy, fit and proper for marine navigation, including but not limited to berthing and shifting maneuvers required by the conditions existing on plaintiffs' Terminal. The vessel also observed the Rules of the Road at all material times.

22. The allegations in Paragraph 22 of the First Amended Complaint are denied, as at all times material to this action and prior and during of the shifting maneuver required by the existing conditions of plaintiffs' Terminal, the BERGE SCAFELL PIKE, its crew, officers, personnel, and Sakae, exercised due diligence and had taken all necessary action to make and maintain the BERGE SCAFELL PIKE in all respects seaworthy, fit and proper for marine navigation, including but not limited to berthing and shifting maneuvers required by the conditions existing on plaintiffs' Terminal. The vessel also observed the Rules of the Road at all material times.

23. The allegations contained in Paragraph 23 of the First Amended Complaint are denied, as at all times material to this action and prior and during the shifting maneuver required by the existing conditions of plaintiffs' Terminal, the BERGE SCAFELL PIKE, its crew, officers, personnel, and Sakae, exercised due diligence and had taken all necessary action to make and maintain the BERGE SCAFELL PIKE in all respects seaworthy, fit and proper for marine

navigation, including but not limited to berthing and shifting maneuvers required by the conditions existing on plaintiffs' Terminal.   The vessel also observed the Rules of the Road at all material times.

24.    The allegations in Paragraph 24 of the First Amended Complaint are denied. The plaintiffs are not entitled to recover any damages as they were solely responsible for the unsafe berthing and shifting conditions existing in its Terminal as well as for the failure to properly locate and maintain the Marine Leg of its Marine Tower.

**AFFIRMATIVE DEFENSES**

1.    The Complaint fails to state a claim upon which relief can be granted against the Codefendant The Standard.

2.    The Standard is a Protection and Indemnity Association, that, as a Mutual Marine Insurance Association, is subject to the Pay-To-Be-Paid-Rule.

3.    The Standard's duty to reimburse its members for claims paid is subject to the terms and conditions of the Rules of Entry and the Certificate or Terms of Entry with the Association and to the limits of coverage established therein.

4.    The terms of entry and the insurance provided by the club do not confer any right or benefit on any third party.

5.    The Standard specifically claims the benefits of exoneration from or limitation of liability to which Sakae, as Owner, is entitled as provided for in the United States Limitation of Shipowner's Liability Act, 46 U.S.C.§§ 30501 – 30512 ("Limitation of Liability Act") and Rule F of the Supplemental Rules, and all statutes and rules amendatory thereof and supplementary thereto, in relation to the claim presented in this action by the plaintiff.

6. At all times material to this action, and prior and during the shifting maneuver required by the existing conditions of plaintiff's Terminal, the BERGE SCAFELL PIKE, its crew, officers, personnel, and Sakae, exercised due diligence and had taken all necessary action to make and maintain the BERGE SCAFELL PIKE in all respects seaworthy, fit and proper for marine navigation, including but not limiting to berthing and shifting maneuvers required by the conditions existing on plaintiffs' Terminal.

7. At all times material to this action, the BERGE SCAFELL PIKE was in all respects, seaworthy, properly manned, and efficiently supplied, equipped, and furnished, fitted with suitable engines, machinery, tackle, apparel, gear, pumps, appliances and personnel, all in good order and condition and suitable for the purpose for which it was employed.

8. The BERGE SCAFELL PIKE's navigation, propulsion, and communication systems worked properly at all material times.

9. The BERGE SCAFELL PIKE observed prudent speed at all material times.

10. The BERGE SCAFELL PIKE observed prudent seamanship at all material times.

11. The BERGE SCAFELL PIKE had proper lookout at all material times.

12. The BERGE SCAFELL PIKE observed the Navigation Rules of Road at all material times.

13. On November 20, 2022, Sakae, as owner of the BERGE SCAFELL PIKE, did not know of, and reasonably had no reason to know of any condition of omission or negligence aboard the BERGE SCAFELL PIKE in the operation of the vessel.

14. If any fault aboard the BERGE SCAFELL PIKE jointly or separately caused or contributed to the incident on November 20, 2022, and to the alleged damages or losses to the marine tower owned, maintained and operated by the plaintiff, such fault occurred without the

privity or knowledge of Sakae, The Standard, its members, managers, directors, officers, stockholders; or at or before the voyage, without the privity or knowledge of their masters, any superintendent, managing agent or those for whose acts Sakae may be responsible and the Standard in turn as P&I Mutual insurer.

15. Lack of maintenance, obsolete berthing equipment, or other preexisting conditions weakened the structural integrity of the dock and/or Marine Leg. As a result, plaintiff's Terminal's dock facilities' capacity to handle the shifting of vessels such as the BERGE SCAFELL PIKE was degraded, causing the alleged damages.

16. Unsuitable modifications to the docking area degraded plaintiff's Terminal's dock to handle the shifting and berthing of vessels such as the Berge Scaffel Pike, resulting on the alleged damages.

17. Spoliation of evidence.

18. In making a claim for benefits under the Limitation of Liability Act, Sakae and The Standard are not waiving and reserves any lower limit of liability.

19. The Standard invokes all the Terms and Conditions of its Rules of Entry.

20. Sakae, its officers, employees, agents, or contractors did not incur in any negligent act, breach of contract or omission that somehow caused plaintiffs' alleged damages.

21. In the alternative, any damages, or losses that the plaintiffs may have suffered were due to plaintiffs' sole and exclusive negligence; or the plaintiff otherwise incurred comparative negligence to a degree to be determined by the Court as matter of law.

22. The incident alleged in the First Amended Complaint did not occur as alleged.

23. The shifting maneuver of November 20, 2022, was controlled and directed by the existing conditions of plaintiff's Terminal including but not limiting to the safety equipment

provided by the Terminal, such as the fenders, kept, placed and maintained by the plaintiff in its Terminal facilities as well as the location and operation of the marine leg attached to plaintiff's marine Tower.

24. Throughout the shifting maneuvers of the BERGE SCAFELL PIKE of November 20, 2022, up to the alleged allision and after, the BERGE SCAFELL PIKE received information for the maneuvering from the Terminal. The BERGE SCAFELL PIKE always complied and acted upon all the information provided by the Plaintiffs.

25. Plaintiffs' alleged damages are due to actions or omissions of other third parties for which Sakae and The Standard are not liable or responsible for.

26. Plaintiffs' alleged damages are grossly exaggerated.

27. The marine leg/marine tower was fully repaired.

28. The plaintiff has failed to mitigate its alleged damages or losses.

29. Plaintiff's claim for damages does not consider a reduction for depreciation or pre-existing damage of the marine leg/marine tower.

30. Plaintiff's claim for damages does not consider betterment of the facility "new for old" as adjustment to its claim.

31. The plaintiffs are not entitled to costs or attorneys' fees.

32. The claims alleged by the plaintiff are premature and not ripe for adjudication.

33. The Standard denies any allegation of the First Amended Complaint that has not been expressly admitted.

34. The Standard reserves the right to amend its Answer to First Amended Complaint or add additional affirmative defenses as discovery proceedings progress.

**WHEREFORE**, it is respectfully requested that the Court denies plaintiffs' claims and prayer for relief against The Standard and, in consequence, that plaintiff's Complaint be dismissed with prejudice and that costs and attorneys' fees be assessed against the plaintiffs.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 26th day of February 2024.

I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Edgardo A. Vega López*
**Edgardo A. Vega López**
USDC-PR No. 207501
E-Mail: evega@jgl.com

*s/Jorge F. Blasini*
**Jorge F. Blasini**
USDC-PR 213001
E-Mail: jblasini@jgl.com

JGL Attorneys at Law
PO Box 366104
San Juan, PR 00936-6104
T. 787-767-1030 / F. 787-751-4068
Attorneys for Defendant The Standard Club U.K, LTD