IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAN AMERICAN GRAIN COMPANY INC.; PAN AMERICAN GRAIN MANUFACTURING CO., INC.<br><br>Plaintiff,<br><br>v.<br><br>BERGE BULK SHIPPING PTE. LTD.; WESTERN BULK CARRIERS AS; SAKAE SHIPPING S.A.; THE STANDARD CLUB U.K. LTD; NORTH OF ENGLAND PROTECTION AND INDEMNITY ASSOCIATION LTD.; NORTHSTANDARD LTD.<br><br>Defendants | Civil Case No. 23-cv-1581 (SCC)<br><br><br><br>IN ADMIRALTY |

**<u>CROSSCLAIM</u>**

TO THE HONORABLE COURT:

COMES NOW Co-defendant Berge Bulk Shipping PTE LTD ("BERGE"), through the undersigned counsel, and pursuant to Fed. R. Civ. P. 13(g) very respectfully asserts this crossclaim against co-defendants SAKAE SHIPPING S.A. and The Standard U.K. Club Ltd., and requests that they be found liable to BERGE for all claims, causes of action, losses, costs, expenses, and damages, of whatever nature, asserted against the appearing cross claimant in the First Amended Complaint. In support of this crossclaim, BERGE respectfully states, alleges, and prays as follows:

I.
JURISDICTION AND VENUE

1. This crossclaim arises out of the same transaction or occurrence that is the subject matter of the First Amended Complaint.

2. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1333 since the present crossclaim falls under this Court's admiralty jurisdiction.

3. While venue requirements are inapplicable Rule 13(g) claims, venue is still proper in this district pursuant to 28 U.S.C. § 1391 because all of the events or omissions giving rise to the present crossclaim occurred within this district and all crossclaimed defendants are foreign entities.

## II.
## PROCEDURAL BACKGROUND

4. On January 25, 2024, Plaintiffs PAN AMERICAN GRAIN COMPANY INC. and PAN AMERICAN GRAIN MANUFACTURING CO., INC. filed their First Amended Complaint in the captioned case.

## III.
## THE PARTIES

5. Defendant and Cross-Claimant, BERGE, is a corporation organized and operating in accordance with the laws of a foreign country, with its principal place of business in Singapore, and offices at The Marina Bay Financial Centre 12 Marina Boulevard, #24-03 Tower 3, Singapore 018982.

6. Defendant SAKAE SHIPPING S.A. ("SAKAE"), is a business entity created pursuant to the laws of a foreign country, with offices and principal place of business in a country other than the U.S. At all times relevant to this crossclaim, SAKAE was the owner of the M/V BERGE SCAFELL PIKE.

7. Defendant The Standard U.K. Club Ltd. ("The Standard"), is a Protection and Indemnity Club providing SAKAE, as owner of the M/V BERGE SCAFELL PIKE, with protection and indemnity coverage. The Standard has offices located at The Minster Building, 21 Mincing Lane, London, EC3R 7AG. At all times relevant to this claim, the M/V BERGE SCAFELL PIKE was entered with the Standard for P&I coverage through a certificate of entry issued to SAKAE that covers the alleged damages subject of the First Amended Complaint and the claims raised herein.

IV.
FACTUAL BACKGROUND
AND CROSSCLAIM

8. As per the allegations in the First Amended Complaint, on November 20, 2022, at about 1725 hrs., while the M/V BERGE SCAFELL PIKE was executing a shifting maneuver, said vessel allegedly struck and allided with the Marine Tower at the Pan American Grain Terminal, supposedly causing substantial property damage to the Marine Tower, including the marine leg, its parts, and accompanying structures. See Dkt. 7, ¶ 13.

9. As per the allegations in the First Amended Complaint, the previously mentioned damages were allegedly caused by the fault and negligence of all the defendants, including BERGE. Id., ¶ 14. According to the First Amended Complaint, at the time of the incident the M/V BERGE SCAFELL PIKE supposedly was: (a) unseaworthy; (b) improperly manned; (c) negligently operated and navigated; (d) in violation of the applicable Rules of the Road and standards of good seamanship. Id.

10. As per the allegations in the First Amended Complaint, Plaintiffs are seeking to recover, among others, the damages allegedly suffered by the Marine Tower and accompanying structures, all repair and/or replacement costs, consequential costs and expenses, increased overhead, loss of use, costs due to delays, as well as other nondisclosed economic damages. Plaintiffs also seek punitive damages from defendants, as well as the imposition of costs, attorney's fees, expert fees, pre and post judgment interest.

11. On November 20, 2022, the M/V BERGE SCAFELL PIKE was subject to a NYPE head-charter dated November 1, 2013. Under said head-charterparty, the navigation of the vessel remained under the control of SAKAE. On November 20, 2022, BERGE was not in charge or responsible for the navigation of the vessel or the hiring and selection of the crew onboard. The entity solely responsible for the vessel's navigation and hiring of the crew onboard was SAKAE.

12. The allegedly negligent "shifting maneuver" which supposedly caused the damages and losses claimed in the First Amended Complaint was not caused - in whole or in part - by any negligent action or omission on the part of BERGE.

13. If the allegations in the First Amended Complaint concerning the allegedly negligent "shifting maneuver" are proven to be true, then any and all alleged losses, expenses, costs, and damages, of whatever nature, suffered by Plaintiffs would have been caused by the actions or omissions of SAKAE.

14. If the allegations in the First Amended Complaint concerning the allegedly negligent "shifting maneuver" are proven to be true, then SAKAE is liable to BERGE for any and all claims and causes of action asserted by Plaintiffs in the First Amended Complaint against the appearing cross claimant.

15. Codefendant The Standard issued and maintained in full force and effect, liability insurance policies and/or protection and indemnity certificates covering the alleged losses or damages claimed by Plaintiffs in the First Amended Complaint.

16. Pursuant to P.R. Laws Ann. Tit. 26, §§ 2001-03, a crossclaim can also be asserted against The Standard to answer for SAKAE's liability to BERGE for all or part of the claims and causes of action asserted by Plaintiffs against BERGE in First Amended Complaint, together with the costs and disbursements of this action, and a reasonable amount for attorney's fees.

**WHEREFORE** Cross Claimant, Berge Bulk Shipping PTE LTD, very respectfully requests that this Honorable Court find codefendants SAKAE and The Standard liable to BERGE for any and all claims, causes of action, losses, costs, expenses, and damages, of whatever nature, asserted in the First Amended Complaint against the appearing cross claimant.

Respectfully submitted.

In San Juan, Puerto Rico, this 22nd day of May, 2024.

CERTIFICATE OF SERVICE: It is hereby certified that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record which are CM/ECF system participants at their corresponding e-mail addresses and which, pursuant to Local Civil Rule 5.1(b)(2), constitutes the equivalent service.

**McCONNELL VALDÉS LLC**
Attorneys for Berge Bulk Shipping PTE LTD
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-2631 / 787-250-5628
Fax: 787-759-8282

s/ *Henry O. Freese Souffront*
Henry O. Freese Souffront
USDC-PR No. 215502
hf@mcvpr.com

s/*Javier A. Aquino-Vidal*
Javier A. Aquino-Vidal
USDC-PR No. 308414
jav@mcvpr.com