IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAN AMERICAN GRAIN COMPANY INC.; PAN AMERICAN GRAIN MANUFACTURING CO., INC.<br><br>Plaintiff,<br><br>v.<br><br>BERGE BULK SHIPPING PTE. LTD.; WESTERN BULK CARRIERS AS; SAKAE SHIPPING S.A.; THE STANDARD CLUB U.K. LTD; NORTH OF ENGLAND PROTECTION AND INDEMNITY ASSOCIATION LTD.; NORTHSTANDARD LTD.<br><br>Defendants | Civil Case No. 23-cv-1581 (SCC)<br><br><br><br>IN ADMIRALTY |

## AMENDED ANSWER TO COUNTER CROSSCLAIM

TO THE HONORABLE COURT:

COMES NOW Co-defendant Berge Bulk Shipping PTE LTD, ("BERGE"), through the undersigned counsel and, in response to the counter crossclaim filed by Sakae Shipping S.A. and The Standard Club UK Ltd., very respectfully requests, alleges and prays as follows:

I.  JURISDICTION AND VENUE

1. The allegations in Paragraph 1 of the counter crossclaim are averments of law that require no response by BERGE. In the alternative, if an answer is deemed necessary by the Court, the allegations are denied as the counter crossclaim was filed against an entity called Berge Bulk Maritime PTE LTD, which is not a party to this action.

2. The allegations in Paragraph 2 of the counter crossclaim are averments of law that require no response by BERGE. In the alternative, if an answer is deemed necessary by the Court, the allegations are denied as the counter crossclaim was filed against an entity called Berge Bulk Maritime PTE LTD, which is not a party to this action.

## II.   PARTIES

3. The allegations in Paragraph 3 of the counter crossclaim are not directed at BERGE and do not require a response. In the alternative, if an answer is deemed necessary by the Court, the allegations are admitted. It is specifically averred that, at all times relevant to this action, Sakae Shipping S.A. was head-owner of the M/V BERGE SCAFELL PIKE (the "Vessel"), and responsible for its navigation and the management and hiring of its crew.

4. The allegations in Paragraph 4 of the counter crossclaim are not directed at BERGE and do not require a response. In the alternative, if an answer is deemed necessary by the Court, the allegations are admitted.

5. The allegations in Paragraph 5 of the counter crossclaim are denied, as the counter crossclaim was filed against an entity called Berge Bulk Maritime PTE LTD, which is not a party to this action. It is specifically averred that, at all times relevant to this action, Sakae Shipping S.A. was the head-owner of the Vessel and responsible for its navigation and the management and hiring of its crew. It is further averred that, at all times relevant to the complaint, BERGE was simply the disponent owner of the Vessel. As such, BERGE was not responsible for the navigation of the Vessel or the management and hiring of its crew.

## III.   AS TO THE ALLEGED FACTS

6. The allegations in Paragraph 6 of the counter crossclaim are admitted. It is specifically averred that, at all times relevant to this action, Sakae Shipping S.A. was the head-owner of the Vessel and responsible for its navigation and the management and hiring of its crew.

7. The allegations in Paragraph 7 of the counter crossclaim are denied, as the counter crossclaim was filed against an entity called Berge Bulk Maritime PTE LTD, which is not a party to this action. It is specifically averred that, at all times relevant to this action, BERGE was

2

simply the disponent owner of the Vessel. As such, BERGE was not responsible for the navigation of the Vessel or the management and hiring of its crew.

8. The allegations in Paragraph 8 of the counter crossclaim are denied, as the counter crossclaim was filed against an entity called Berge Bulk Maritime PTE LTD, which is not a party to this action. In the alternative, they are denied as drafted.

9. The allegations in Paragraph 9 of the counter crossclaim are denied, as the counter crossclaim was filed against an entity called Berge Bulk Maritime PTE LTD, which is not a party to this action. In the alternative, they are denied as drafted.

10. The allegations in Paragraph 10 of the counter crossclaim are not directed at BERGE and do not require a response. In the alternative, if an answer is deemed necessary by the Court, the allegations are admitted upon information and belief.

11. The allegations in Paragraph 11 of the counter crossclaim are denied as drafted. It is specifically averred that Sakae Shipping S.A. did not timely raise any safe port/safe berth claims against BERGE in connection with the voyage in question. Instead, following the incident, Sakae Shipping S.A. agreed that the Vessel was off-hire.

12. The allegations in Paragraph 12 of the counter crossclaim are denied, as the counter crossclaim was filed against an entity called Berge Bulk Maritime PTE LTD, which is not a party to this action. In the alternative, the allegations in Paragraph 12 of the counter crossclaim are averments of law that require no response by BERGE. If an answer is deemed necessary by the Court, the allegations are denied as drafted. It is specifically averred that Sakae Shipping S.A. did not timely raise any safe port/safe berth claims against BERGE in connection with the voyage in question. Instead, following the incident, Sakae Shipping S.A. agreed that the Vessel was off-hire.

13. The allegations in Paragraph 13 of the counter crossclaim are denied, as the counter crossclaim was filed against an entity called Berge Bulk Maritime PTE LTD, which is not a party to this action. In the alternative, the allegations in Paragraph 13 of the counter crossclaim are averments of law that require no response by BERGE. If an answer is deemed necessary by the Court, the allegations are denied as drafted. It is specifically averred that Sakae Shipping S.A. did not timely raise any safe port/safe berth claims against BERGE in connection with the voyage in question. Instead, following the incident, Sakae Shipping S.A. agreed that the Vessel was off-hire.

14. The allegations in Paragraph 14 of the counter crossclaim are denied, as the counter crossclaim was filed against an entity called Berge Bulk Maritime PTE LTD, which is not a party to this action. In the alternative, the allegations in Paragraph 14 of the counter crossclaim are averments of law that require no response by BERGE. If an answer is deemed necessary by the Court, the allegations are denied as drafted. It is specifically averred that Sakae Shipping S.A. did not timely raise any safe port/safe berth claims against BERGE in connection with the voyage in question. Instead, following the incident, Sakae Shipping S.A. agreed that the Vessel was off-hire.

15. The allegations in Paragraph 15 of the counter crossclaim are denied, as the counter crossclaim was filed against an entity called Berge Bulk Maritime PTE LTD, which is not a party to this action. In the alternative, the allegations in Paragraph 15 of the counter crossclaim are averments of law that require no response by BERGE. If an answer is deemed necessary by the Court, the allegations are denied as drafted. It is specifically averred that Sakae Shipping S.A. did not timely raise any safe port/safe berth claims against BERGE in connection with the voyage in question. Instead, following the incident, Sakae Shipping S.A. agreed that the Vessel was off-

hire.

16.     The allegations in Paragraph 16 of the counter crossclaim are denied for lack of information sufficient to form a belief as to the truthfulness of the allegations raised therein.

17.     The allegations in Paragraph 17 of the counter crossclaim are denied for lack of information sufficient to form a belief as to the truthfulness of the allegations raised therein.

18.     The allegations in Paragraph 18 of the counter crossclaim are admitted upon information and belief. It is specifically averred that, at all times relevant to this action, Sakae Shipping S.A. was head-owner of the Vessel and responsible for its navigation and the management and hiring of its crew.

19.     The allegations in Paragraph 19 of the counter crossclaim are upon information and belief. It is specifically averred that, at all times relevant to this action, Sakae Shipping S.A. was head-owner of the Vessel and responsible for its navigation and the management and hiring of its crew.

20.     The allegations in Paragraph 20 of the counter crossclaim are admitted upon information and belief.  It is specifically averred that, at all times relevant to this action, Sakae Shipping S.A. was head-owner of the Vessel and responsible for its navigation and the management and hiring of its crew.

21.     The allegations in Paragraph 21 of the counter crossclaim are admitted upon information and belief.  It is specifically averred that at all times relevant to this action, Sakae Shipping S.A. was head-owner of the Vessel and responsible for its navigation and the management and hiring of its crew.

AS TO THE ALLEGED "BREACH OF THE SAFE PORT/SAFE BERTH WARRANTY"

22. In response to Paragraph 22 of the counter crossclaim, BERGE incorporates by reference Paragraphs 1 through 21 of its answer as if set forth herein. BERGE also denies every allegation of fact, conclusion of law, or other matter alleged in the counter crossclaim that is not specifically admitted above in paragraphs 1 through 21 of this pleading.

23. The allegations in Paragraph 23 of the counter crossclaim are denied, as the counter crossclaim was filed against an entity called Berge Bulk Maritime PTE LTD, which is not a party to this action. In the alternative, the allegations in Paragraph 23 of the counter crossclaim are admitted.

24. Paragraph 24 of the counter crossclaim contains conclusions of law for which no response is required. It is affirmatively averred that paragraph 33 of the First Amended Complaint contains the quoted language.

25. The allegations in Paragraph 25 of the counter crossclaim are not directed at BERGE and do not require a response.

26. The allegations in Paragraph 26 of the counter crossclaim are not directed at BERGE and do not require a response, as the counter crossclaim was filed against an entity called Berge Bulk Maritime PTE LTD, which is not a party to this action. In the alternative, if an answer is deemed necessary by the Court, the allegations are denied as drafted.

27. Paragraph 27 of the counter crossclaim contains conclusions of law for which no response is required. In the alternative, if an answer is deemed necessary by the Court, the allegations are denied for lack of information sufficient to form a belief as to the truthfulness of the allegations raised therein.

28. Paragraph 28 of the counter crossclaim contains conclusions of law for which no response is required. In the alternative, they are denied. It is specifically averred that Sakae Shipping S.A. did not timely raise any safe port/safe berth claims against BERGE in connection

with the voyage in question. Instead, following the incident, Sakae Shipping S.A. agreed that the Vessel was off-hire.

29. Paragraph 29 of the counter crossclaim contains conclusions of law for which no response is required. In the alternative, they are denied. It is specifically averred that Sakae Shipping S.A. did not timely raise any safe port/safe berth claims against BERGE in connection with the voyage in question. Instead, following the incident, Sakae Shipping S.A. agreed that the Vessel was off-hire.

30. Paragraph 30 of the counter crossclaim contains conclusions of law for which no response is required. In the alternative, they are denied. It is specifically averred that, at all times relevant to this action, Sakae Shipping S.A. was head-owner of the Vessel and responsible for its navigation and the management and hiring of its crew. It is averred that Sakae Shipping S.A. did not timely raise any safe port/safe berth claims against BERGE in connection with the voyage in question. Instead, following the incident, Sakae Shipping S.A. agreed that the Vessel was off-hire.

## AFFIRMATIVE DEFENSES

1. The counter crossclaim fails to state a claim upon which relief can be granted against BERGE. On November 20, 2022, the M/V BERGE SCAFELL PIKE was subject to a NYPE head-charter dated November 1, 2013. Under said head-charterparty, the navigation of the vessel remained under the control of Sake Shipping S.A. On November 20, 2022, BERGE was not in charge or responsible for the navigation of the vessel or the hiring and selection of the crew onboard. The entity solely responsible for the vessel's navigation and hiring of the crew onboard was Sakae Shipping S.A. BERGE had no control over the "shifting maneuver" that supposedly caused the damages alleged by Plaintiffs in the First Amended Complaint.

2. Lack of personal jurisdiction over BERGE.

3. In the alternative, BERGE does not owe Sakae Shipping S.A. a warranty to provide a safe port/berth. It is averred that Sakae Shipping S.A. did not timely raise any safe port/safe

berth claims against BERGE in connection with the voyage in question. Instead, following the incident, Sakae Shipping S.A. agreed that the Vessel was off-hire.

4. In the alternative, any warranty to provide a safe port/berth was either not breached by BERGE or waived by Sakae Shipping S.A., as it did not timely raise any safe port/safe berth claims against BERGE in connection with the voyage in question. Instead, following the incident, Sakae Shipping S.A. agreed that the Vessel was off-hire.

5. In the alternative, the counter crossclaim against BERGE is subject to the doctrines of waiver and estoppel. It is averred that Sakae Shipping S.A. did not timely raise any safe port/safe berth claims against BERGE in connection with the voyage in question. Instead, following the incident, Sakae Shipping S.A. agreed that the Vessel was off-hire.

6. In the alternative, the counter crossclaim against BERGE is barred under the doctrine of laches or the applicable limitation terms. It is averred that Sakae Shipping S.A. did not timely raise any safe port/safe berth claims against BERGE in connection with the voyage in question. Instead, following the incident, Sakae Shipping S.A. agreed that the Vessel was off-hire.

7. In the alternative, Sakae Shipping S.A. unconditionally accepted the nomination of the port in question with knowledge of local conditions.

8. In the alternative, the decision to proceed with the shifting operation under allegedly unsafe conditions was an unreasonable risk for which the Sakae Shipping S.A. is solely responsible.

9. In the alternative, the counter crossclaim against BERGE is subject to a London arbitration clause under the charterparty dated November 1, 2013 and cannot be entertained before this court.

10. In the alternative, the counter crossclaim against BERGE is subject to English Law.

11. In the alternative, BERGE incorporates herein the affirmative defenses raised in response to the First Amended Compliant.

12. BERGE reserves the right to amend its answer to the counter crossclaim or add additional affirmative defenses as discovery proceedings progress.

WHEREFORE, Berge Bulk Shipping PTE LTD very respectfully requests this Honorable Court deny Sakae Shipping S.A. and The Standard Club UK LTD.'s counter crossclaim and prayer for relief against BERGE and that the counter crossclaim be dismissed with prejudice, with the imposition of costs and attorney's fees.

Respectfully submitted.

In San Juan, Puerto Rico, this 31th day of July, 2024.

CERTIFICATE OF SERVICE: It is hereby certified that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record which are CM/ECF system participants at their corresponding e-mail addresses and which, pursuant to Local Civil Rule 5.1(b)(2), constitutes the equivalent service.

McCONNELL VALDÉS LLC
Attorneys for Berge Bulk Shipping PTE LTD
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-2631 / 787-250-5628
Fax: 787-759-8282

s/ *Henry O. Freese Souffront*
Henry O. Freese Souffront
USDC-PR No. 215502
hf@mcvpr.com

s/*Javier A. Aquino-Vidal*
Javier A. Aquino-Vidal
USDC-PR No. 308414
jav@mcvpr.com